372 So.2d 779 (1979)
STATE of Louisiana in the Interest of Kenneth Joseph JONES.
No. 10224.
Court of Appeal of Louisiana, Fourth Circuit.
June 5, 1979.
*780 Steven R. Scheckman, Mark S. McTernan, New Orleans, for appellant.
Harry F. Connick, Dist. Atty., Greg S. Abramson, Asst. Dist. Atty., New Orleans, for appellee.
Before SAMUEL, LEMMON and STOULIG, JJ.
STOULIG, Judge.
Kenneth J. Jones, aged 15, was adjudged a juvenile delinquent for attempted theft of a bicycle by use of force and intimidation and was committed to the Louisiana Department of Corrections for an indefinite period. An appeal from this determination and commitment was filed on his behalf.
Appellant contends, inter alia, that Jones was deprived of his right to the assistance of counsel guaranteed by the Sixth Amendment of the United States Constitution and LSA-Const. Art. 1, § 13. Although the record reflects that Jones and his mother were both advised of his right to counsel at various stages of the proceeding, the record establishes that the waiver of this constitutional right was not made knowingly and intelligently.
The constitutional right to counsel extends to juveniles as well as adults. Application of Gault, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967). The right to assistance by counsel is one of the fundamental requisites in defending against a criminal accusation; therefore certain safeguards have been established to protect the juvenile against an uninformed waiver of his right to counsel.
In State In Interest of Dino, 359 So.2d 586 (La.1978), the Louisiana Supreme Court considered what constituted a valid waiver of juvenile constitutional rights. That case involved suppression of an inculpatory juvenile statement taken by police out of the presence of counsel, and while the focal point was the Fifth Amendment right against self-incrimination, the principles enunciated therein apply to a waiver of any constitutional right by the juvenile. In short the case holds the waiver must be knowledgable and intelligent.
Dino ruled the state has the burden of proving that the waiver by a juvenile of his constitutional rights was made knowingly and intelligently. That burden is discharged only if the state proves the juvenile consulted with an attorney or an adult who was interested in his welfare prior to making the waiver. Further if the adult consulted was not an attorney, it must be affirmatively shown that the adult understood the import of the constitutional rights waived by the juvenile.
Applying Dino we conclude young Jones, mild to moderately retarded[1] according to a psychological report in the record, lacked capacity to intelligently waive his right to counsel. As to parental waiver on *781 his behalf, there is no evidence to establish what if any advice and consideration went into the decision to waive counsel for this juvenile.
We further note the psychological report states Kenneth has a long history of impulsive and aggressive acting out;[2] therefore, we conclude it is in the public interest to keep Kenneth confined in an appropriate institution until this case is retried in the juvenile court.
For the reasons assigned, the finding of delinquency and commitment of Kenneth Jones is hereby vacated and this matter is remanded to the juvenile court for further proceedings which said court might deem appropriate but not inconsistent with the views herein expressed. The juvenile is to remain in custody at an appropriate facility to be designated by the juvenile court until this matter is finally determined.
VACATED AND REMANDED.
NOTES
[1] Kenneth Jones was 13½ years of age at the time he was psychologically evaluated. Under the Wechsler Intelligence Scale for children he achieved a verbal I.Q. of 62 with a mental age 8 years, 4 months; a performance I.Q. at 54 with a mental age of 7 years and 3 months; and a Full Scale I.Q. of 54 and a mental age of 7 years, 3 months.
[2] The psychological interview indicates the development of some serious maladative behavorial pattern and inadequacies in emotional development. He has currently developed a repertorie of inappropriate behaviors, which are basically aggressive and antisocial in nature. (Summary report of evaluation of the University of new Orleans)