DUFRESNE, Judge.
The juvenile, K.H., appeals from a disposition by the trial court committing him to the Department of Public Safety and Corrections for a period of two years. For the reasons set forth herein, we affirm the decision of the trial court.
On February 4, 1998, Minh Euong, a resident of Harvey, reported to police that her house had been burglarized. A witness observed K.H. in possession of property taken in the burglary. The juvenile was also seen *585 wearing a jacket taken from the burglarized residence.
Upon executing a search warrant at the juvenile’s residence, officers found stolen property in his bedroom. The juvenile was advised of his Miranda rights, and thereafter admitted to burglarizing the residence in question several times. K.H. also led police to additional stolen property. The juvenile admitted to having obtained a key to the residence prior to the burglaries.
The Jefferson Parish District Attorney subsequently filed a petition in ^Jefferson Parish Juvenile Court seeking to have K.H. adjudicated a delinquent based on three alleged violations of LSA-R.S. 14:62.2, simple burglary of an inhabited dwelling. K.H. entered an admission to one count of the petition, and the remaining two counts were dismissed. Following a disposition hearing, the court committed the juvenile to the custody of the Department of Public Safety and Corrections, Louisiana Training Institute, for a period of two years. The court further ordered that K.H. receive an education commensurate with his needs and that he be assessed for mental health treatment. The juvenile now appeals.

INCULPATORY STATEMENT

On appeal, K.H. initially complains that police illegally obtained inculpatory statements from him, as he was not properly advised of his Miranda rights, and he did not knowingly and voluntarily waive his rights before incriminating himself. A guilty plea normally waives all nonjurisdictional defects in the proceedings prior to entry of the guilty plea, and precludes review of such defects either by appeal or post conviction relief. State v. Davis, 97-850 (La.App. 5 Cir. 2/11/98), 708 So.2d 1121. A defendant may be allowed appellate review if at the time he enters a guilty plea, he expressly reserves his right to appeal a specific adverse ruling in the case. State v. Crosby, 338 So.2d 584 (La.1976); State v. Davis, supra. In State v. Collum, 365 So.2d 1272 (La.1978), cert. denied, Collum v. Louisiana, 444 U.S. 882, 100 S.Ct. 171, 62 L.Ed.2d 111 (1979), the Louisiana Supreme Court approved the application of the principals in Crosby to juvenile cases.
There is nothing in the instant record to show that K.H. reserved his right to appeal this issue under Crosby. Moreover, he raises the issue for the first time on appeal. His attorney did not file a motion to suppress statements, [¡nor did he file a motion to withdraw guilty plea. There is no ruling by the juvenile court from which K.H. might have appealed.
K.H. suggests that the validity of his statements to police may nonetheless be addressed by this Court on error patent review. Issues and objections not raised at the trial level will not be considered on appeal unless an error is alleged that is discoverable by a mere inspection of the pleadings and proceedings and without inspection of the evidence. LSA-C.Cr.P. art. 920; State v. Richards, 426 So.2d 1314 (La.1982). The error complained of is not of the kind which is discoverable on the face of the record. Accordingly, we reject the arguments raised by the juvenile in his initial assignment of error.

EXCESSIVE SENTENCE

K.H. next argues that his commitment for a period of two years is unconstitutionally excessive in that the juvenile court did not consider less restrictive alternatives. The juvenile further contends that the judge improperly considered the two burglary charges which the state had dismissed, as well as unsubstantiated allegations that he is a member of a street gang.
Article I, § 20 of the Louisiana Constitution of 1974 prohibits the imposition of cruel and unusual punishment. Where excessive commitment is complained of in a juvenile proceeding, the record must be reviewed to determine whether the juvenile court imposed the least restrictive disposition considering the circumstances of the case, the child’s needs, and the best interest of society. LSA-Ch.C. art. 901 B; State v. J.M., 96-801 (La.App. 5 Cir. 1/15/97), 687 So.2d 136, writ denied, 97-0734 (La.11/21/97), 703 So.2d 1298. Much discretion is granted to the court in juvenile matters, due to the Especial nature of the proceedings. However, the court must balance the needs of the child with the best interest of society when *586 setting a term of commitment. State in the Interest of R.C., 96-167 (La.App. 5 Cir. 10/1/96), 683 So.2d 782. Paragraphs C and D of LSA-Ch.C. art. 901 provide criteria by which the juvenile court may determine the appropriate disposition.
At the disposition hearing, the state produced the testimony of the victim, Minh Euong[1], probation supervisor Monique Willis, and Lieutenant Curtis Snow of the Jefferson Parish Sheriffs Office.
Ms. Willis of the Department of Juvenile Services testified in accordance with the predisposition report prepared by probation officer Ulisa Brown, who was unable to appear in court due to an accident. Ms. Brown recommended that K.H. be sentenced to the Department of Corrections based, in part, on the fact that the victim was burglarized on three separate occasions, that the burglary was premeditated, and that the victim’s son had to be removed from the state out of fear for his safety. The report further indicated that although K.H. denied any gang affiliation, he was known by the Jefferson Parish Sheriffs Office as a member of the Asian Life Gang. The juvenile’s father had reported to Ms. Brown that K.H. had been associating with “negative” peers, and that he did not respect parental authority. It was also noted that K.H. had withdrawn from West Jefferson High School. Although the juvenile’s school record did not contain mention of discipline problems, there was a history of unexcused absences.
Ms. Minh Euong, the burglary victim, testified at the disposition hearing fethat on four occasions she returned home to find the door to her house unlocked, and valuables missing. She notified the sheriffs office, and later learned from officers that K.H. was involved in the burglaries. After the burglaries, the victim and her family experienced constant harassment by a group of youths. These individuals made telephone calls to the victim and entered her yard late at night. Out of fear for her son’s safety, Ms. Euong eventually sent him to Chicago to live with a relative. When asked by the judge whether her son was in a gang with K.H., Ms. Euong stated that she had been told that was the case, but that she had no personal knowledge that K.H. was a gang member. Moreover, Ms. Euong could not say whether K.H. was one of the youths harassing her family.
At the disposition hearing, Lieutenant Snow stated that K.H. meets several of the police criteria for gang membership, as he uses gang terminology, is closely associated with known gang members, has been accused of committing several crimes with those gang members, and has been arrested with them. K.H. does not bear any gang tattoos, but several of his associates do. Snow testified that he learned through an informant that K.H. is a member of the “West Jeff Boys,” a faction of the Asian Life Gang. Snow further testified that, in a statement to detectives, K.H. admitted he was part of the group responsible for the burglaries. The officer produced several illustrative photographs of young men believed to be K.H.’s fellow gang members. He stated that the two youths who participated in the burglaries with K.H. have been identified by the sheriffs office as gang members.
After considering the information contained in the predisposition report as well as the testimony adduced at the disposition hearing, the juvenile court judge committed K.H. to Louisiana Training Institute for a period of two years. IsUnder the circumstances presented herein, we do not find that the disposition imposed on the juvenile is excessive. It is apparent from the judge’s comments that she felt the juvenile’s gang involvement made it more likely he would commit further offenses were she to suspend his commitment or place him in a less restrictive environment. The judge also referenced the juvenile’s admission that he had broken into the victim’s home a total of three times as an indication that he was a danger to the victim and to others. Moreover, the probation officer recommended placement at L.T.I. From the record, it is clear that the trial judge felt that the disposition imposed was the least restrictive with the circumstances of the ease, the needs of the child, and the best interest of society.
*587 We have also considered the juvenile’s argument that the judge improperly considered the two burglary charges which had been dismissed, as well as unsubstantiated allegations of gang membership. We do not find that the trial judge erred in considering these factors in determining an appropriate disposition. The purpose of a disposition hearing is to allow the court to hear evidence which will aid it in determining whether the juvenile is in need of treatment or rehabilitation. LSA-Ch.C. art. 893 A; State in the Interest of O.R., 96-890 (La.App. 5 Cir. 2/25/97), 690 So.2d 200. Under paragraph B of article 893, the juvenile court may consider “[a]ll evidence helpful in determining the proper disposition even if the evidence is such that it would not be admissible at an adjudication hearing. Moreover, counsel for the juvenile is afforded the right to controvert any written reports received by the court, and to cross-examine any witnesses who testify at the disposition hearing. LSA-Ch.C. art. 893 C.
Based on the foregoing discussion, and considering a judge’s wide ^discretion in juvenile matters, we find no merit in the juvenile’s contention that the trial court abused its discretion in the dispositional phase.

ERROR PATENT DISCUSSION

We have also conducted a review of the record for errors patent in accordance with LSA-C.Cr.P. art. 920. Such a review reveals no errors patent.
For the reasons set forth herein, we affirm the juvenile’s adjudication and disposition.

AFFIRMED.

GOTHARD, J., dissents.

. In the transcript, the victim's name is spelled “Ming Nguyen,” whereas in the remainder of the record it is spelled "Minh Euong.” For purposes of this opinion, the latter spelling has been used.