STATE OF LOUISIANA IN THE INTEREST OF E. S.
No. 2008-CA-0041.
Court of Appeals of Louisiana, Fourth Circuit.
August 20, 2008.
Not Designated for Publication
KATHERINE M. FRANKS, Louisiana Appellate Project Counsel for E.S.
KEVA LANDRUM-JOHNSON, District Attorney ALYSON R. GRAUGNARD, Assistant District Attorney, Counsel for State of Louisiana.
Court composed of Judge BAGNERIS, SR., Judge, LOMBARD, and Judge LANDRIEU.
DENNIS R. BAGNERIS, Sr., Judge.
After the juvenile, E.S.[1], was adjudicated delinquent for the crime of simple burglary, the juvenile court ordered him to be committed to the Office of Youth Development for one year and to pay $250.00 in restitution and $240.00 for court costs. E.S. now appeals. For the following reasons, we affirm the adjudication but vacate the disposition and remand for a disposition hearing.

FACTS
On September 8, 2007, Brian Fitzpatrick's Suburban was parked in front of his house with the doors unlocked. Fitzpatrick did not return to his Suburban until the following day at 1:00 p.m., at which time he noticed his vehicle was ransacked and his Cobra radar detector was missing.
At trial, Fitzpatrick, who owns a surveillance camera business, testified that he has various surveillance cameras around his house. Fitzpatrick testified that from watching the surveillance footage, he was able to obtain still photographs of the perpetrators entering his vehicle, the perpetrators on watch for bystanders, and the perpetrators driving down the street. Fitzpatrick printed the still photographs and made a video and identified these for the witnesses and the court.
At trial, three detectives testified that E.S. was one of the individuals that participated in the burglary of Fitzpatrick's suburban. Detectives Claudia Bruce, Patrick Garner, and Karla Allen testified that they assisted in the identification of E.S. through the photographs provided by Fitzpatrick during the investigation of the crime and that E.S. was already in NOPD' s custody when he was discovered to be one of the perpetrators of this crime. Detective Bruce and Detective Allen made an in-court identification of E.S.
After hearing evidence relating to the simple burglary, the juvenile court adjudged E.S. delinquent. Although counsel for E.S. requested that the court delay the disposition hearing so that he could present evidence to the court, the court sentenced E.S. to one year in the custody of the Office of Youth Development and ordered E.S. to pay $250.00 in restitution to Fitzpatrick and $240.00 in court costs. On appeal, E.S. alleges the following assignments of error: (1) whether the evidence at trial was insufficient to establish that he committed the simple burglary; (2) whether the juvenile judge erred in ordering a disposition without either a disposition report or a disposition hearing; (3) whether the juvenile judge erred in ordering restitution and a $150.00 "special condition of probation fee" when a term of incarceration was imposed, not probation; (4) whether the prosecutor acted with candor to the court and fairness to opposing parties; and (5) whether trial counsel was ineffective.

DISCUSSION
The unique nature of the juvenile system is manifested in its noncriminal, or "civil" nature, its focus on rehabilitation and individual treatment rather than retribution, and the state's role as parens patriae in managing the welfare of the juvenile in state custody. State ex rel. D.J., 01-2149 p. 4 (La. 5/14/02), 817 So.2d 29. 26. The purpose of the Louisiana delinquency proceedings is to accord due process to each child who is accused of having committed a delinquent act and, except as provided for in La. Ch. C. art. 897.1, to insure that he shall receive, preferably in his own home, the care, guidance, and control that will be conducive to his welfare and the best interests of the state and that in those instances when he is removed from the control of his parents, the court shall secure for him care as nearly as possible equivalent to that which the parents should have given him. La. Ch. C. art. 801. The provisions of the Louisiana Children's Code govern and regulate delinquency proceedings, but where procedures are not provided, the court shall proceed in accordance with the Louisiana Code of Criminal Procedure. La. Ch. C. art. 803. All rights guaranteed to criminal defendants by the Constitution of the United States or the Constitution of Louisiana, except the right to jury trial, shall be applicable in juvenile court delinquency proceedings. La. Ch. C. art. 808.
In order for the court to adjudicate a child delinquent, the state must prove beyond a reasonable doubt that the child committed a delinquent act alleged in the petition. La. Ch. C. art. 883. In a juvenile case, the reviewing court is constitutionally compelled to review both facts and law. La. Const. art. 5, § 10(A) and (B). However, the reviewing court must recognize that the juvenile judge observed the conduct and demeanor of the witnesses and was in the best position to determine credibility and weigh the evidence. Therefore, this court grants great deference to the juvenile court's factual findings and credibility determinations and assessment of the weight of particular testimony. State v. S.B., 31,264, p. 6-7 (La.App. 2 Cir. 9/25/98), 719 So.2d 1121, 1126. Not only does the standard of review in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), apply to juvenile delinquency adjudicatory hearings, but our state constitution mandates that we determine, after reviewing the record evidence, whether the juvenile court was clearly wrong in its fact-findings. State ex rel. K.G., 34,535, p.4 (La.App. 2 Cir.1/24/01), 778 So.2d 716, 720.
The Jackson standard is applicable in cases involving both direct and circumstantial evidence. An appellate court reviewing the sufficiency of the evidence in such cases must resolve any conflict in the direct evidence by viewing that evidence in the light most favorable to the prosecution. When the direct evidence is thus viewed, the facts established by the direct evidence and inferred from the circumstances established by that evidence must be sufficient for a rational trier of fact to conclude beyond a reasonable doubt that the defendant was guilty of every essential element of the crime. In the absence of internal contradiction or irreconcilable conflict with physical evidence, the testimony of one witness, if believed by the trier of fact, is sufficient support for a requisite factual conclusion. State v. Fuller, 32,734, p. 2-3 (La.App. 2 Cir.12/17/99), 759 So.2d 104, 106.
The first assignment of error is whether the evidence offered at trial was insufficient to establish that E.S. committed the delinquent act of simple burglary. On appeal, E.S. argues that although the prosecutor displayed both the still photographs and the video surveillance tape to the court, he did not introduce any evidence to that effect. E.S. further argues that he was misidentified and is not the assailant of the simple burglary. We find no merit in this assignment of error.
La. R.S. 14:62 defines simple burglary as:
The unauthorized entering of any dwelling, vehicle, watercraft, or other structure, movable or immovable, or any cemetery, with the intent to commit a felony or any theft therein.
In this case, the State presented the testimony of four witnesses that were able to identify the still photographs taken from the surveillance of Fitzpatrick's house showing that E.S. participated in the burglary of Fitzpatrick's Suburban. All of the witnesses stated that these were the exact photographs that were used during the investigation of the charged crime. The State further established that E.S. was one of the individuals in the photographs. Specifically, Detective Allen, after viewing Fitzpatrick's still photographs, testified that she immediately identified E.S. as one of the perpetrators. Detective Allen further testified that she was "100 percent positive" that E.S. was the individual in the photographs and that she had "become very familiar with him." The juvenile court chose to believe the State's witnesses' testimony and we decline to disturb this credibility determination. When viewed in the light most favorable to the State, we find this evidence sufficient to convict E.S. of the crime of simple burglary.
The second assignment of error is whether the juvenile court erred in ordering a disposition hearing without allowing E.S. to present evidence of his need of treatment or rehabilitation. E.S. argues that there was no comprehensive disposition report requested by the juvenile judge or prepared by the probation office and that the record is devoid of any articulated reasons for his commitment to the Office of Youth Development for one year.
Regarding the disposition hearing, La. Ch. C. art. 893 provides, in pertinent part:
A. At the disposition hearing, unless the child waives the presentation, the court shall hear evidence as to whether the child is in need of treatment or rehabilitation and shall make and file its findings.
B. All evidence helpful in determining the proper disposition, including oral and written reports, the report of the predisposition investigation, any reports of mental evaluation, and all other evidence offered by the child or the state shall be received by the court and may be relied upon to the extent of its probative value even though not admissible at the adjudication hearing. Upon motion of the district attorney or the child, the court may hear testimony from the victim of the offense.
C. Counsel for the state and for the child shall be afforded an opportunity to present evidence and to examine and controvert written reports so received and to cross-examine individuals preparing the reports or other witnesses who give testimony at the hearing. Sources of confidential information need not be disclosed.
The purpose of a disposition hearing is to allow the court to hear evidence which will aid it in determining whether the juvenile is in need of treatment or rehabilitation. State ex rel. K.H., 98-632 (La.App. 5 Cir.12/16/98), 725 So.2d 583, 587. Absent a waiver by the juvenile, the trial court must conduct a hearing prior to entering a judgment of disposition. State in Interest of O.R., 96-890 (La.App. 5 Cir. 2/25/97), 690 So.2d 200, 202. The jurisprudence disallows a summary disposition without a hearing and requires some evidence of need of treatment or rehabilitation. Id.
We find merit to E.S.'s claim that the disposition hearing conducted was insufficient to meet the requirements of La. Ch. C. art. 893. From a review of the record, it is clear that no evidence of E.S.'s need of treatment or rehabilitation was adduced and that the juvenile court essentially rendered a summary disposition without a hearing. Further, counsel for E.S. was not silent on this issue but actually moved for a delay in the disposition hearing to present evidence. Therefore, we do not find E.S. waived his rights to present such evidence. Accordingly, it is necessary that we vacate the dispositions and remand for a disposition hearing in accordance with La. Ch. C. arts. 892 and 893. This determination precludes our consideration of E.S.'s argument relating to the juvenile's order of restitution and probation fee.
The third assignment of error is whether the State violated the Rules of Professional Conduct. On appeal, E.S. alleges that he was deprived of a fair trial because the State failed to introduce into evidence the still photographs and video used during trial. In support of this assertion, E.S. cites to Rule 3.4(e) of the Rules of Professional Conduct, which proves that a lawyer shall not:
(e) in trial, allude to any matter that the lawyer does not reasonably believe is relevant or that will not be supported by admissible evidence, assert personal knowledge of facts in issue except when testifying as a witness, or state a personal opinion as to the justness of a cause, the credibility of a witness, the culpability of a civil litigant or the guilt or innocence of an accused ....
Upon review of the record, we do not find that the State intentionally abandoned the right to introduce into evidence the photographs and video at trial. Further, it is worth noting that E.S.'s trial counsel neither objected during the trial when the State failed to introduce into evidence the photographs and video nor introduced the evidence into the record himself. We find no merit in this assignment of error.
The fourth assignment of error to address is whether E.S.'s counsel was ineffective. E.S. alleges that his counsel "failed to object to the prosecutor's argument offering the exhibits as the basis for E.S.'s delinquency adjudication when they had not been introduced" and that "he (counsel) failed as well to challenge the sufficiency of the evidence forming the basis for the adjudication."
Juvenile defendants as well as adults are entitled to effective assistance of counsel. State in Interest of Jones, 372 So.2d 779 (La.App. 4 Cir.1979). The decision of Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), reh. den. 467 U.S. 1267, 104 S.Ct. 3562, 82 L.Ed.2d 864 (1984), sets out a two-pronged test for proof of ineffective assistance of counsel: he must show that his attorney's performance was deficient and that this deficiency prejudiced him so that the outcome would have been different absent counsel's ineffectiveness. Thus, in order to prove that counsel was ineffective, E.S. must demonstrate that his trial counsel's performance was deficient because he failed to challenge the State's argument that relied on evidence not admitted and failed to bring to the trial court's attention the lack of evidence supporting the adjudication. E.S. must further show that his trial counsel's deficient performance prejudiced him in this matter.
After reviewing the record, we do not find that E.S.'s trial counsel's alleged failure to: (1) notice that the state failed to introduce its exhibits; and (2) challenge the sufficiency of the evidence, prejudiced E.S. in any way. The trial court viewed the evidence and heard testimony from four State's witnesses concerning the contents of the photographs and video. This testimony is preserved in the trial transcript of the record for this court's review. E.S.'s trial counsel cross-examined all of the State's witnesses as to the contents of the State's evidence at trial. Further, the State proved the charged crime of simple burglary through testimonial evidence from competent witnesses. Accordingly, we find no merit in E.S.'s claim of ineffective assistance.
For these reasons, we hereby affirm the adjudication and vacate the disposition. The case is remanded for a new disposition hearing in accordance with these reasons.
ADJUDICATION AFFIRMED; DISPOSITION VACATED AND CASE REMANDED FOR FURTHER PROCEEDINGS.
NOTES
[1] Since the individual at issue is a minor his initials will be used throughout this opinion.