ROLAND L. BELSOME, Judge.
| T This case is before us on remand from the Louisiana Supreme Court for consideration of juvenile defendant’s second assignment of error.[1] See State in the Interest of T.E., 12-517 (La.6/29/12), 91 So.3d 292, reversing, State in the Interest of T.E., 11-1172 (La.App. 4 Cir. 2/28/12), 85 So.3d 270.
In his second assignment of error, the defendant argues that the juvenile court erred when it imposed an out-of-home disposition immediately after adjudication without affording him an opportunity to present evidence regarding whether he was in need of treatment or rehabilitation. Defendant argues that because he was not allowed to introduce evidence in accordance with La. Ch.C. art. 893 at the disposition hearing, he was deprived of his constitutional right to due process.
Regarding the disposition hearing, La. Ch.C. art. 893 provides, in pertinent part:
A.At the disposition hearing, unless the child waives the presentation, the court shall hear evidence as to whether the | {.child is in need of treatment or rehabilitation and shall make and file its findings. (Emphasis supplied).
B. All evidence helpful in determining the proper disposition, including oral and written reports, the report of the predisposition investigation, any reports of mental evaluation, and all other evidence offered by the child or the state shall be received by the court and may be relied upon to the extent of its probative value even though not admissible at the adjudication hearing. Upon motion of the district attorney or the child, the court may hear testimony from the victim of the offense.
C. Counsel for the state and for the child shall be afforded an opportunity to present evidence and to examine and controvert written reports so received and to cross-examine individuals preparing the reports or other witnesses who give testimony at the hearing. Sources of confidential information need not be disclosed.
The purpose of a disposition hearing is to allow the court to hear evidence which will aid it in determining whether the juvenile is in need of treatment or rehabilitation. State ex rel. K.H., 98-632 (La.App. 5 Cir. 12/16/98), 725 So.2d 583. Absent a waiver by the juvenile, the court must conduct a hearing prior to entering a judgment of disposition. State ex rel. K.G., 34,535 (La.App. 2 Cir. 1/24/01), 778 So.2d 716; State in Interest of O.R., 96-890, p. 6 (La.App. 5 Cir. 2/25/97), 690 So.2d 200, 202. The jurisprudence disallows a summary disposition without a hearing and requires some evidence of *965 need of treatment or rehabilitation. State ex rel. KG., supra; State in Interest of O.R., supra.
The record reflects that before the adjudication hearing on July 18, 2011, defense counsel confirmed that defendant had not shown up to the Evening Reporting Center or to summer school as required by the court. The court inquired into the reason for defendant’s absences, and explained that participation was an alternative to detention. Defendant answered that he was afraid for his safety because “somebody” was after him and they knew how to find him. Indicating its | ^intention to find a safe place for defendant, the court proceeded with the adjudication hearing.
After the matter was submitted, the court asked defense counsel if she would like to defer disposition. Defense counsel responded in the affirmative; then the court alternatively offered to go forward. Defense counsel responded that she would like a ruling on the guilt or innocence of defendant. The court replied: “Well, you know, I’ll just give the ruling and the disposition at the same time. If you want to defer it then I’ll just give the ruling.” Defense counsel said: “That’s fine.” The court proceeded to adjudicate defendant a delinquent, then it gave a disposition recommending six months of non-secure care in the custody of the Office of Juvenile Justice, in a location outside of Orleans Parish. The court opined that this was in defendant’s best interest due to concerns for his safety and stated that defendant would be held at the Youth Study Center pending placement. Claiming that she had no opportunity to present evidence to the court on defendant’s behalf, defense counsel requested a stay of the execution of sentence. The court asserted that defense counsel had responded in the affirmative when asked if she wanted the court to give a disposition. Asserting that she misunderstood the court’s question, defense counsel clarified that she had only wanted the court to issue an adjudication, then she objected to the defendant being taken into custody without an opportunity to present evidence on his behalf.
Next, defendant’s grandmother indicated that they would be moving, and defense counsel urged the court, “at the very least,” to revisit the issue after they had moved. Although the defendant claimed that he was supposed to enter a church program, neither he nor his grandmother had sufficient information regarding the program. Reiterating its concern for defendant’s safety, the court | ¿maintained its original decision to have the defendant removed from his environment. However, it agreed to release him to his grandmother upon the receipt of sufficient information regarding the church program.
Defense counsel requested a hearing within 72 hours, where defendant would then be remanded if he was not in the program. The court agreed to a 72-hour status hearing, but kept defendant in custody for his safety, noting his grandmother’s concern, and his grandmother agreed.
At that point, there was some confusion about whether the disposition was being deferred and the court asserted that it had already given its disposition. The court restated the disposition given and indicated that the next hearing would be a status hearing on whether the defendant would be released to attend the church program. At the court’s request and without objection, defense counsel clarified that the status hearing was to present an alternative to the disposition; however, she acknowledged that she was relying “largely” on the church program as an alternative.
The court asserted that there would be no hearing without further information on the church program. Subsequently, on July 21, 2011, the day of the status hear *966 ing, a court judgment indicated that defense counsel was unable to get the information for the program.
Considering the foregoing, we find that defendant waived his right to a disposition hearing. Although a failure to object to the court’s immediate disposition without a hearing does not serve as a waiver;[2] here, defense counsel made an initial objection, then waived that objection when she requested three days to present an alternative to the court’s disposition and the court agreed to that | .¡alternative. The court recounted its disposition and stated that the hearing would be a status hearing. Defense counsel, without complaint, clarified the purpose for the status hearing and admitted that she was depending largely on the church program as an alternative disposition. The judgment from the status hearing reflects that defense counsel was unable to obtain information for the church program. The record reveals no further objection or request for reconsideration. Thus, by waiving his initial objection, defendant waived his right to a formal disposition hearing.
On appellate review, a disposition hearing may be deemed insufficient for the juvenile court’s failure to hear evidence on the defendant’s individual need for treatment or rehabilitation. State ex rel. E.D.C., 39,892, (La.App. 2 Cir. 05/11/05), 903 So.2d 571. However, once this Court determines, as in this case, that the defendant has waived his right to the disposition hearing, no further inquiry into the hearing process is necessary.
Accordingly, the juvenile court’s disposition is affirmed.
AFFIRMED

. Defendant appealed his delinquency adjudication for illegal possession of a handgun by a juvenile. He challenged both the sufficiency of the evidence and the propriety of the disposition. This Court vacated defendant's adjudication and disposition on sufficiency grounds; therefore, it did not address defendant's second assignment of error regarding the disposition issue.

. See State in Interest of O.R., supra.