STATE OF LOUISIANA

VERSUS

C.J.

NO. 24-K-617

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

*[signature]*
Linda Wiseman
First Deputy, Clerk of Court

December 19, 2024

Linda Wiseman
First Deputy Clerk

**IN RE** C.J.

**APPLYING FOR** SUPERVISORY WRIT FROM THE JEFFERSON PARISH JUVENILE COURT, PARISH OF JEFFERSON, STATE OF LOUISIANA, DIRECTED TO THE HONORABLE JENNIFER G. WOMBLE, DIVISION "A", NUMBER 2023-JU-140

Panel composed of Judges Susan M. Chehardy,
Fredericka Homberg Wicker, and Jude G. Gravois

**WRIT DENIED**

This matter appears before us on an Application for Emergency Supervisory Writs (the "Emergency Application") wherein the juvenile, C.J., seeks to have this Court reverse the decision of the trial court, arguing that, under LSA-Ch.C. article 893(A), if the juvenile waives his/her right to the presentation of evidence as to whether he/she is in need of treatment or rehabilitation at a post adjudication disposition hearing, no evidence at all can then be taken by the trial court in fashioning a disposition. On the showing made, we see no basis upon which to find that the trial court erred in ruling that even though the juvenile waived presentation of any evidence at the disposition hearing, the State remains permitted to submit evidence to the court relative to whether the child is in need of treatment or rehabilitation.

24-K-617

On October 16, 2024, the trial court conducted an adjudication hearing at which time the juvenile entered an admission to one count of (A) 14:95.8 (illegal possession of a handgun by a juvenile) and (B) 14:130.1(B)(1) (obstruction of justice).[1] Having been adjudicated as a delinquent, the trial court set the matter for a disposition hearing on November 20, 2024, which was continued to December 5, 2024, at the request of the Department of Juvenile Services.

The transcript (the "Transcript") and the Minute Entry (the "Minute Entry") of the December 18, 2024 disposition hearing which were submitted with the Emergency Application reflect that at the December 5, 2024, disposition hearing, the juvenile requested to waive the presentation of evidence and a formal disposition hearing. Counsel for the juvenile contended that the waiver applied to *all* evidence that may be presented at the disposition hearing by either party. The State contended that the waiver by the juvenile did not prevent the State from presenting evidence under Ch.C. article 893. The trial court then continued the disposition hearing until December 18, 2024, and requested that the parties brief two issues: (1) whether, in the face of the waiver by the juvenile of the presentation and disposition hearing under Article 893(A), the State is barred from introducing any evidence and (2) whether a video tape that the State proposed to enter into evidence was more prejudicial than probative as to whether the child is in need of treatment or rehabilitation.

The Transcript and Minute Entry reveal that briefs were filed on these issues on behalf of the juvenile and by the State. However, those briefs were not attached to the Emergency Writ. The applicant in the Emergency Writ

---

[1] Another count of violating La. R.S. 40:967(C)(1) (possession of less than two grams of a controlled Schedule II substance) was dismissed.

cites only to Ch.C. article 893 and three cases, *State in the Interest of O.R.,* 95-890 (La. App. 5[h] Cir. 2/25/97), 690 So.2d 200, *State in the Interest of K.G.,* 34, 535 (La. App. 2 Cir. 1/24/01), 778 So.2d 716 and *State in the Interest of K.H., 98-632* (La. App 5 Cir. 12/16/98), 725 So.2d 583.

Article 893(A) states:

> At the disposition hearing, unless the child waives the presentation, the court shall hear evidence as to whether the child is in need of treatment or rehabilitation and shall make and file its findings.

Sections (B), (C), and (D) of Article 893 relate to the presentation of evidence at the disposition hearing. The trial court, after pointing out the provisions of Article 893, then correctly found that there is a presumption that a disposition hearing will occur. LSA-Ch.C. art. 892 expressly so provides, stating, in pertinent part that "[p]rior to entering a judgment of disposition, the court *shall* conduct a disposition hearing." (Emphasis added). We do not read the cases cited by the applicant to stand for the proposition advocated in the Emergency Writ. In *Interest of K.H.,* a disposition hearing was conducted. *Interest of K.G* and *Interest of O.R.* simply hold that, unless waived by the juvenile, a disposition without giving the juvenile the opportunity to present evidence must be vacated and a disposition hearing must be conducted.

The trial court found that Article 893(A) gives the child the right to waive the presentation of evidence for himself, but that the child cannot waive the State's right to provide evidence. The purpose of a disposition hearing is to hear evidence in order to make a determination of whether the child is in need of treatment or rehabilitation. *Interest of O.R.,* 96-880, p. 5, 690 So.2d at 202. As stated in *In re State in the Interest of Cook,* 145 So.2d 627, 629-30 (La. App. 4 Cir. 1962):

> [A] juvenile court is in no sense a criminal court. It is, rather, a civil court devoted to the furtherance of the welfare of children who fall within the purview of [La. Ch.C. art. 801]…In considering the welfare

3

of the individual child, the court has the right and the duty to consider the entire background and pattern of behavior of the child. It cannot be limited to consideration of isolated incidents of misbehavior, without reference to other related acts which can be of assistance to the court in making its disposition of the case. The primary consideration of the court is the welfare of the child. In order for a juvenile judge to be effective, he cannot be bound by the strict procedural and evidentiary rules as is the judge in a criminal case.

***

…[T]he widest discretion should be left in the hands of the trial judge.

In this case, the transcript reflects that the trial court found that it will be severely hampered in its ability to fashion an appropriate disposition for the child in question if no evidence is presented bearing on whether the child is in need of treatment or rehabilitation. On the showing made, we cannot say that the trial court abused its vast discretion in this matter. For these reasons, the Application for Emergency Supervisory Writs filed herein on behalf of the juvenile C.J. is **DENIED.**

Gretna, Louisiana, this 19th day of December, 2024.

**FHW**
**SMC**
**JGG**

4

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL
TIMOTHY S. MARCEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



**FIFTH CIRCUIT**

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF DISPOSITION CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE DISPOSITION IN THE FOREGOING MATTER HAS BEEN TRANSMITTED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 4-6** THIS DAY **12/19/2024** TO THE TRIAL JUDGE, THE TRIAL COURT CLERK OF COURT, AND AT LEAST ONE OF THE COUNSEL OF RECORD FOR EACH PARTY, AND TO EACH PARTY NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

**24-K-617**

### E-NOTIFIED
Juvenile Court (Clerk)
Honorable Jennifer G. Womble (DISTRICT JUDGE)
Thomas J. Butler (Respondent)          Brian A. Pena (Relator)

### MAILED
Mallory Grefer (Respondent)
Assistant District Attorney
1546 Gretna Boulevard
Harvey, LA 70059