1BOWES, Judge.
The juvenile, J.M., appeals from a disposition by the trial court finding him to be a delinquent and committing him to the custody of the Department of Corrections until his twenty-first birthday. We affirm the decision of the trial court.

FACTS

The facts, as presented in the record before us, show that J.M. and another individual were involved in forcing two young boys to engage in sexual contact with each other. Although J.M. did not personally touch either of the two victims in a sexual way, he forced or somehow participated in the force required to make them perform these acts.
Pursuant to a petition filed by the state on February 22,1996 the juvenile, J.M., entered an admission to one count of sexual battery, La. R.S. 14:43.1. The court conducted a disposition hearing on March 19, |2 1996 and, after consideration of the evidence presented, the trial court adjudicated J.M. delinquent and committed him to the Department of Corrections until his twenty-first birthday. The trial judge specified that the juvenile was to be placed in a secure environment until the age of nineteen, at which time he would be eligible for parole, if recommended by the Louisiana Department of Corrections. This appeal ensued.

*138
DISCUSSION

On appeal the juvenile alleges as error the following actions of the trial judge:
1. The trial judge was clearly wrong as a matter of law in denying appellant a jury trial since LSA Ch.C. Arts. 808 and 882 are unconstitutional.
2. The trial court was clearly wrong as a matter of law and abused its discretion in ordering that J.M. be confined in a secure environment until the age of nineteen years before he could be paroled.
3. The trial court manifestly abused its discretion in imposing an excessive sentence of incarceration in the custody of the Department of Public Safety and Corrections until appellant’s twenty-first birthday.

NO RIGHT TO JURY TRIAL

On November 2, 1995, J.M., through counsel, filed a motion for trial by jury and challenging the constitutionality of La. Ch.C. art. 882 (which provides that the adjudication hearing in a juvenile proceeding shall be held [abefore the court without a hearing). This motion was denied by the trial court.
J.M. then sought writ of review with this Court (writ Number 96-K12). This Court denied the application, stating as follows:
In State in the Interest of Dino, 359 So.2d 586 (La.1978), cert. denied, 439 U.S. 1047, 99 S.Ct. 722, 58 L.Ed.2d 706 (U.S.1978), the Louisiana Supreme Court held that our constitution does not afford a juvenile the right to a jury trial during the adjudication of a charge of delinquency based upon acts that would constitute a crime if engaged in by an adult. See also State v. Buxton, 525 So.2d 614 (La.App. 3d Cir.1988). La. Ch. C. Art. 882 merely codified the foregoing rule of law. Unless or until the Supreme Court addresses this issue again, Dino remains the law in Louisiana. Accordingly, we find no error in the trial court’s ruling.
Defendant’s application for review of this decision filed with the Louisiana Supreme Court (Writ Number 96-CK-0378) was denied.
Defendant has presented nothing new or additional in this appeal which would warrant a reversal of our prior ruling. This allegation of error is without merit.

SENTENCE

By his second assignment of error, defendant contends that the court was without authority to set the minimum time for incarceration, but rather could only set forth the maximum length of confinement. Counsel further argues that the court cannot require the department to keep the child in ajjseeure setting, since the department has the sole authority over the placement, care and treatment of those juveniles placed in its custody.
La. Ch.C. art. 898 governs the duration of disposition based on a felony grade adjudication. Paragraphs A and B of that article reads as follows:
A. No judgment of disposition shall remain in force for a period exceeding the maximum term of imprisonment for the felony forming the basis for the adjudication. The court shall give a child credit for time spent in secure detention prior to the imposition of disposition.
B. When modification and parole is not prohibited by Article 897.1, if an order of commitment to custody of the Department of Public Safety and Corrections is subsequently modified and the child is placed on parole, the maximum term of parole shall be the remainder of the sentence originally imposed.
There is nothing in this article which would prohibit the trial judge from setting a minimum sentence, such as that imposed in this case.
The juvenile also argues that the court could not require the Department of Corrections to keep the child in a secure setting, since the department has the sole authority over the placement, care, and treatment of those juveniles placed in its custody.
La. Ch.C. art. 897 D provides that:
Except as provided for in Article 897.1 [relative to certain enumerated felonies not relevant to this case], the court may commit the child to the custody of the Department of Public Safety and Corrections, | swith or without a recommendation that *139 the child be placed in alternative care facilities through the department’s client placement process or be referred to appropriate placement resources in the Department of Social Services.
La. Ch.C. art. 908(C) states, in part:
The order of commitment may require the department to take physical custody of a child adjudicated a delinquent, committed to its custody pursuant to Article 897(D) or Article 899(D), and recommended by the court or the department for assignment to a secure program of facility, within thirty days from the date of the court’s signing of the judgment of disposition when the child is on or is going to be placed in the physical custody of a parish juvenile facility.
In the present ease, the judge ordered that the juvenile be committed to the custody of the Department of Public Safety and Corrections, in a secure environment, until his twenty-first birthday. However, once he committed the juvenile, he did not dictate the actual placement, other than it being a secure environment of the juvenile, nor did he dictate the care or treatment the child was to receive in the department’s custody. We find, from the above cited articles, that the court can recommend ■placement in a secure setting. See also La. R.S. 15:901.
We also note that a modification of disposition can be filed at any time, if it becomes apparent that the child no longer needs a secure environment. La. Ch.C. art. 909 through 911. See also La. R.S. 15:906 A(l) which allows the Department of Public Safety and Corrections Uto recommend to the committing court the release of the juvenile committed to its care, who, in the opinion of the department, is ready to be returned to his own home, or to a substitute home.
Based on the foregoing discussion, and particularly in light of the fact that a modification of disposition can be filed, we find no error in the trial court’s disposition imposing a minimum sentence and further mandating that the juvenile be placed in a secure setting. This assignment of error is without merit.
Defendant also contends that the sentence imposed is excessive, and that the record fails to support the disposition.
Art. I, Sec. 20 of the Louisiana Constitution of 1974 prohibits “cruel, excessive, or unusual punishment.” Where excessive commitment is complained of in juvenile proceedings, the record must be reviewed to determine whether the juvenile court imposed the least restrictive disposition consistent with the circumstances of the case, the child’s needs, and the best interest of society. La. Ch.C. art. 901 B;[1] State v. B.E., 616 7So.2d 211 (La.App. 5 Cir.1993); State in Interest of J.G., 94-194 (La.App. 5 Cir. 7/26/94), 641 So.2d 633.
Much discretion is granted to the court in juvenile matters because of the special nature of the proceedings, but the court must balance the needs of the child with the best interest of society. State in Interest of Ray, 432 So.2d 312 (La.App. 5 Cir.1983); State v. R.B., Jr., 595 So.2d 702 (La.App. 5 Cir.1992); State in Interest of J.G., supra.
Here, a predisposition report was prepared by the Office of Youth Development which was introduced at the disposition hearing. The report recommended that J.M. be committed to the department of corrections until his twenty-first birthday, based on the severity of the offense, the child’s chronic substance abuse, and his general social history. Defense counsel called numerous witnesses who testified on J.M.’s behalf. J.M. then testified on his own behalf and stated that he was very sorry for what had happened, that he took full responsibility for his part, that he wished he could go back and change what happened and that he would like to get treatment.
The record indicates that the trial judge considered all the evidence presented at the disposition hearing and felt that commitment was appropriate due to the seriousness of the *140 offense, the fact that the juvenile engaged in other criminal related conduct even while on house arrest, and Rthat he committed this serious offense even though he had been provided with the benefit of special educational programs, counseling, and religious programs. Given the testimony at the disposition hearing as well as the predisposition investigation report, it appears that the disposition imposed was not excessive, and that it was the least restrictive disposition consistent with the circumstances of the ease, the needs of the child, and the best interest of society. See La. Ch.C. art. 901 B.
Accordingly, we hold that the trial court did not impose an excessive sentence.

ERROR PATENT

Finally, we have reviewed this record for errors patent in compliance with La. C.Cr.P. art. 920, see State v. B.E., 616 So.2d 211 (La.App. 5 Cir.1993), and find the following:
The trial judge did not give the juvenile credit for time served in the disposition According to La. Ch.C. art. 898 A, “[t]he court shall give a child credit for time spent in secure detention prior to the imposition of disposition.” Since this article is mandatory, J.M. is entitled to credit for time served. Therefore, we order that the disposition be amended to give defendant credit for time served in secure detention prior to the disposition.
| ^CONCLUSION
Accordingly, for the reasons set out above, we affirm the trial court’s decision adjudicating J.M. delinquent and committing him to the Department of Corrections until his twenty-first birthday, with the provisions that he be placed in a secure environment until the age of nineteen. In addition, the disposition is amended to give the juvenile credit for time served in secure detention.
AFFIRMED.

. La. Ch.C. art. 901 B reads as follows:
The court should impose the least restrictive disposition authorized by Articles 897 through 900 of this title which the court finds is consistent with the circumstances of the case, the needs of the child, and the best interest of society.