922 So.2d 616 (2006)
STATE of Louisiana
v.
C.K.
No. 05-KA-475.
Court of Appeal of Louisiana, Fifth Circuit.
January 17, 2006.
*617 Paul D. Connick, Jr., District Attorney, 24th Judicial District, Parish of Jefferson, State of Louisiana, Joseph R. McMahon, Jr., Tanya Picou Faia, Assistant District Attorney, Harvey, Louisiana, for Plaintiff/Appellee.
Timon V. Webre, Attorney at Law, Indigent Defender Board, Harvey, Louisiana, for Defendant/Appellant.
Panel composed of Judges JAMES L. CANNELLA, MARION F. EDWARDS and JAMES C. GULOTTA, Pro Tempore.
JAMES L. CANNELLA, Judge.
In this juvenile proceeding, C.K.[1] was adjudicated a delinquent and sentenced to the Department of Corrections for 18 months. The sentence was suspended and *618 he was placed on active probation for two years. As part of the conditions of probation, C.K. was removed from his home and placed in the custody of the Office of Youth Services (OYS) for placement in a non-secure residential treatment facility. For the reasons which follow, we affirm the adjudication and disposition and remand.
On March 1, 2004, the first delinquency petition was filed against C.K. by the Jefferson Parish District Attorney's Office (District Attorney), alleging that he willfully and unlawfully committed simple burglary of a vehicle, a violation of La. R.S. 14:62. On May 12, 2004, C.K. withdrew his previous denial and admitted guilt. On June 24, 2004, after receiving the predisposition investigation report, the juvenile court deferred disposition and placed him on supervised active probation for six months pursuant to La. Ch.C. art. 896.
On September 23, 2004, the District Attorney filed a second delinquency petition against C.K., alleging that he took or used a motor vehicle belonging to another, without the other's consent. On September 27, 2004, C.K. denied the allegation. On October 12, 2004, the Juvenile Court revoked the deferred dispositional agreement and ordered him detained in Rivarde Juvenile Detention Center (Rivarde) on simple burglary, unauthorized use of a motor vehicle, possession of a controlled dangerous substance (marijuana)[2], aggravated rape, and attempted aggravated rape.[3] C.K. entered a denial on the possession of marijuana charge.
On November 5, 2004, the District Attorney filed a third delinquency petition against C.K., alleging that he committed aggravated rape and attempted aggravated rape. On November 9, 2004, C.K. denied both charges. On December 1, 2004, C.K. withdrew his denial on the unauthorized use of a motor vehicle charge and entered an admission. The State dismissed the possession of marijuana charge. On December 14, 2004, the State amended the November 5, 2004 petition to aggravated rape from July 1, 2003 to May 10, 2004, in violation of La. R.S. 14:42. On December 15, 2004, C.K. denied the amended charge. On January 21, 2005, the State again amended the November 5, 2004 petition and alleged that C.K. committed an aggravated (knife) battery, in violation of La. R.S. 14:34.[4] On the same day, C.K. withdrew his previous denial and entered an admission. C.K. was ordered released from Rivarde to the custody of his mother under house arrest with certain conditions and electronic monitoring.
On April 1, 2005, the Juvenile Court adjudicated C.K. a delinquent for the offenses of simple burglary, unauthorized use of a motor vehicle, and aggravated battery. The Juvenile Court found "the situation is so violate in the home" and the act of violence so serious that home placement would be detrimental to C.K. and not in his best interest. The Juvenile Court noted that C.K. and the family were offered traditional probation services, such as therapy, substance abuse and community services. However, the services were never put into place, because the family could not be contacted. In addition, the Juvenile Court found that placing C.K. back in the home with his younger brother would place all at risk. The Juvenile Court ordered C.K. placed in the custody of the Department of Public Safety and *619 Corrections for 18 months on each of the offenses, then suspended the sentences and placed C.K. on two years active probation. One of the conditions of the probation is that C.K. be placed in the custody of the OYS in a non-secure residential treatment facility. The Juvenile Court ordered C.K. and his parents to cooperate with the facility treatment program selected by OYS. The Juvenile Court ordered that, upon successful completion of the institutional phase of the program, there be a review hearing prior to reassignment to a less restrictive facility. The Juvenile Court stated that C.K. would be returned home upon successful completion of the program. This timely appeal followed. On appeal, C.K. assigns one error.

ASSIGNMENT OF ERROR NUMBER ONE
In his only assignment of error, C.K. argues that the Juvenile Court erred in removing him from the custody of his parent and placing him in the custody of OYS for placement in a non-secure residential treatment facility without first attempting in-home treatment and family preservation services. C.K. argues that removing him from his home was not the least restrictive placement for his needs nor was it in society's best interest. Mitigating factors render the Juvenile Court's disposition erroneous. C.K. claims that there have been no incidents since he returned home from Rivarde, except a detention for chewing gum. C.K. also claims that he has a male role model living in the home now, who is an active part of his and his brother's lives. In addition, C.K claims that the psychological evaluation did not accurately reflect his mother's understanding of the seriousness of the circumstances or her level of cooperation, nor did it explain that the reason he was living at home and his brother was not, was because of the Juvenile Court order releasing him from Rivarde.
The State argues that the Juvenile Court did not abuse its discretion in placing C.K. in a residential treatment program, because placement was in C.K.'s best interest for rehabilitation based on the evidence considering the disposition of charges including one for aggravated battery, amended from aggravated rape, as well as all the staffing evaluations and studies that were conducted. The State contends that the Juvenile Court was aware of reasonable efforts to prevent or eliminate removal that failed, such as traditional probation with individual and family therapy, out patient substance abuse treatment and community services. In addition, the State claims that the Juvenile Court also took cognizance of the fact that C.K. continued to place himself at risk by engaging in and exhibiting aggressive behavior towards his brother, as well as his continual use of marijuana and pills. The State also notes that the Juvenile Court imposed reasonable conditions for C.K. to return home and ordered a review upon successful completion to determine the reassignment to a less restrictive setting.
The Louisiana Constitution of 1974, Art. I, Sec. 20 prohibits "cruel, excessive, or unusual punishment." State ex rel. T.S., 04-1111, p. 3 (La.App. 5th Cir.3/1/05), 900 So.2d 77, 79. "In considering dispositional options, the court shall not remove a child from the custody of his parents unless his welfare or the safety and protection of the public cannot, in the opinion of the court, be adequately safeguarded without such removal." La. Ch.C. art. 901(A). State ex rel. T.S., 900 So.2d 80. "The court should impose the least restrictive disposition authorized by Articles 897 through 900 of this Title which the court finds is consistent with the circumstances of the case, the needs of the child, and the best interest of society." La. Ch.C. art. *620 901(B). Id. The commitment of the child to the custody of the Department of Public Safety and Corrections may be appropriate if, there is an undue risk that during the period of a suspended commitment or probation the child will commit another crime, the child is in need of correctional treatment or a custodial environment that can be provided most effectively by his commitment, and a lesser disposition will deprecate the seriousness of the child's delinquent act. La. Ch.C. art 901(C). Id.
On appeal, the record must be reviewed when excessive commitment is complained of in juvenile proceedings in order to determine whether the Juvenile Court imposed the least restrictive disposition consistent with the circumstances of the case, the child's needs, and the best interest of society. La. Ch.C. art. 901(B). State ex rel. T.S., 900 So.2d 79. A Juvenile Court has much discretion, because of the special nature of the proceedings, but the Juvenile Court must balance the needs of the child with the best interest of society. Id.
Upon review, we find no error in the disposition of the Juvenile Court ordering the removal of C.K. from his family and placement in a residential treatment facility upon finding that it is the least restrictive disposition given the circumstances of the case, the needs of the child, and the best interest of society. We find that the record clearly supports the Juvenile Court's action under La. Ch.C. art. 901(C), providing clear evidence that there is an undue risk that the juvenile would commit another crime if at home, the juvenile is in need of a custodial environment, and a lesser disposition would deprecate the seriousness of the delinquent act.
First, the record is replete with evidence that there is an undue risk that, during the period of a suspended commitment or probation, the child will commit another crime. While on deferred disposition for burglary of an automobile, C.K. committed at least three additional offenses. C.K. used a motor vehicle without authorization, possessed illegal drugs (marijuana), and committed the aggravated rape or attempted aggravated rape of his brother, which was only reduced to aggravated battery at the parent's request. Further, C.K. continues to place himself at risk by showing no regard for the law and continuing to associate with the co-perpetrator in his brother's attack. C.K.'s mother lacks an understanding of the severity of the situation and has not previously been able to control C.K. or stop his criminal activity.
Second, the record supports a finding that C.K. is in need of correctional treatment or a custodial environment. C.K. is clearly not getting the help he needs while living at home. C.K.'s probation officer recommended that C.K. be placed in OYS custody for placement in a residential treatment facility to provide treatment for C.K.'s special, severe and chronic problems including but not limited to his aggressive behavior, conduct disorder symptoms, and history of substance abuse. In addition, C.K.'s mother does not seem to fully grasp C.K.'s responsibility for his actions and blames others for his actions. C.K.'s mother not only does not fully appreciate the problem, but has not been able to control C.K. C.K.'s probation officer also testified that Dr. Cornelius J. Schutte, a clinical psychologist with the Sexual Behavior Treatment Program who evaluated C.K., was very concerned about C.K.'s mother's approach. C.K.'s mother minimized all of C.K.'s behaviors including whether he committed a sex crime. There was concern about the mother's perceptions of the victim's sexual abuse history as consensual experimentation. In her interview with Dr. Schutte, C.K.'s mother blamed his peers for C.K.'s unauthorized *621 use of a motor vehicle and possession of marijuana. C.K.'s probation officer testified that, in her conversations with Dr. Schutte, he strongly stressed the need for treatment for C.K. outside of the home, based on the violent act that took place and everyone's denial, as well as the mother's minimization. C.K.'s probation officer agreed that there was concern about the whole family dynamic. She testified that C.K. and the family were offered individual and family therapy, anger management and a substance abuse program during the simple burglary deferred disposition, but neither C.K. nor his parent participated in the services offered.
Third, we find that the record supports the finding that a lesser disposition would deprecate the seriousness of C.K.'s delinquent acts. Considering the psychological reports, it is evident that C.K. does not have a full understanding of his situation, or the consequences of his actions, and does not show any remorse. C.K., with his mother's knowledge, has continued his relationship with the 15-year-old, also accused of the aggravated rape of C.K.'s brother. The State brought to the Juvenile Court's attention C.K.'s evaluation at the Sexual Behavior Treatment Program, in which C.K. reported that he "attempted to stab his 12-year-old brother in the abdomen, but his brother had tried to shield himself with his hand." C.K. also remained angry at his brother for causing the situation.
After review of the record, we find no error in the Juvenile Court decision to remove C.K. from his home. We find that the record supports the decision under the criteria set out in La. Ch.C. art. 901 and, it is the least restrictive alternative for this child, given the facts presented. This assignment of error has no merit.

ERROR PATENT DISCUSSION
The record was reviewed for errors patent, according to La.C.Cr.P. art. 920: State v. Oliveaux, 312 So.2d 337 (La.1975); State v. Weiland, 556 So.2d 175 (La.App. 5th Cir.1990). We note the following.
Neither the April 1, 2005 transcript, the commitment, nor the written judgment of disposition, indicate that C.K. was given credit for time served. La. Ch.C. art. 898(A) requires that the "court shall give a child credit for time spent in secure detention prior to the imposition of disposition." Since, this article is mandatory, C.K. is entitled to credit for time served. Therefore, we remand the case and order that the judgment of disposition be amended to give C.K. credit for time served in secure detention prior to the disposition. State ex rel. T.S., 900 So.2d at 82; State v. J.M., 96-801, p. 5 (La.App. 5th Cir.1/15/97), 687 So.2d 136, 140, writ denied, 97-0734 (La.11/21/97), 703 So.2d 1298.
For the foregoing reasons, we affirm the adjudication of C.K. as a delinquent and affirm the judgment of disposition sentencing C.K. to 18 months with the Department of Corrections, suspending the sentence with imposition of two years probation, one of the conditions of which is for C.K. to be assigned to the OYS for placement in a residential treatment facility. The case is remanded to the Juvenile Court for amendment of the judgment of disposition to give C.K. credit for time served.
AFFIRMED AND REMANDED.
NOTES
[1] To preserve the confidentiality of the proceedings, the juvenile will be referred to by his initials, C.K. His date of birth is June 13, 1989.
[2] On September 8, 2004, C.K. was arrested for possession of marijuana, a violation of La. R.S. 40:966(D).
[3] Charges for these latter offenses had not yet been filed.
[4] The agreement was at the parent's request.