# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 23-529

## STATE OF LOUISIANA IN THE INTEREST OF L.D.

## (IN RE: OFFICE OF JUVENILE JUSTICE)

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
LEESVILLE CITY COURT
PARISH OF VERNON
NOS. 2023-J-1095; 2023-J-1104; 2023-J-1108; 2023-J-1109; 2023-J-1110
HONORABLE ELVIN C. FONTENOT, JR., CITY COURT JUDGE

\*\*\*\*\*\*\*\*\*\*

## ELIZABETH A. PICKETT
## CHIEF JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of, Elizabeth A. Pickett, Van H. Kyzar, and Candyce G. Perret, Judges.

**WRIT DENIED.**
**STAY DENIED.**
**MOTION FOR ORAL ARGUMENT DENIED.**

**Tina Dennis Darensbourg**
**Louisiana Office of Juvenile Justice**
**7919 Independence Boulevard**
**P.O. Box 66458**
**Audubon Station**
**Baton Rouge, LA 70896**
**COUNSEL FOR DEFENDANT- APPLICANT:**
    **Office Of Juvenile Justice**

**Terry Wayne Lambright**
**District Attorney, Thirtieth Judicial District**
**Wayne Bush**
**Assistant District Attorney**
**208 South Third Street**
**Leesville, LA 71446**
**(337) 239-2008**
**COUNSEL FOR PLAINTIFF -RESPONDENT:**
     **State of Louisiana**

**Tiffany Ratliff**
**Attorney at Law**
**303 East Texas Street**
**Leesville, LA 71446**
**(337) 397-4872**
**COUNSEL FOR DEFENDANT- RESPONDENT:**
     **L. D.**

**PICKETT, Chief Judge.**

On April 19, 2023, the juvenile L.D. (DOB 05/14/2005), [1] agreed to a deal in which he was adjudicated delinquent for the following offenses: (1) Simple burglary, in violation of La.R.S. 14:62; (2) Illegal possession of a handgun by a juvenile, in violation of La.R.S. 14:95.8; (3) Possession of Marijuana, in violation of La.R.S. 40: 966E; (4) Possession, manufacture, or distribution of CDS IV, in violation of La.R.S. 40:964(B); (5) Theft of a firearm, in violation of La.R.S. 14:67.15; and (6) Possession of CDS II, in violation of La.R.S. 40:964(C). As a result of the deal, the state dismissed multiple additional charges and L.D. agreed to be placed into secure custody with the Office of Juvenile Justice (OJJ) until his twentieth birthday.

The OJJ placed L.D. into a non-secure group home in Shreveport. L.D. escaped from the group home in Shreveport and was arrested in Leesville two weeks later. On June 21, 2023, the trial court, after a hearing, ordered the OJJ to place L.D. into secure custody, as ordered on April 19, 2023, within thirty days; if L.D. was not placed into secure custody within that time, the OJJ was ordered to appear on July 26, 2023, for a show cause hearing. The court held a hearing on July 26, 2023, at which time L.D. had again been placed in the same non-secure group home in Shreveport. On August 8, 2023, the trial court issued a written "Judgment/Ruling" in which it: found the OJJ to be in direct contempt of court for its refusal to place L.D. into secure custody; ordered the OJJ to pay a fine of $500.00; and ordered that, for every month the OJJ refuses to place L.D. into secure custody, starting August 1, 2023, the OJJ must pay another $500.00.

---

[1]We have used the initials of the juvenile pursuant to Uniform Rules—Courts of Appeal, Rule 5-2.

On August 9, 2023, the OJJ filed a "Motion for Stay," which sought to have the contempt order and fines stayed until a ruling from this court; the trial court denied the OJJ's motion. The OJJ now seeks review of the trial court's August 8, 2023 written ruling. The OJJ contends the trial court lacks the authority to order them to place a juvenile in their care into secure custody and that the court likewise erred in finding them in direct contempt of court for refusing to obey the court's order to place L.D. into secure custody.

In response, the district attorney filed a motion requesting oral argument in the event we find merit in the OJJ's arguments.

## DISCUSSION

In its first assignment of error, the OJJ contends "The Office of Juvenile Justice has the sole authority over the placement, care and treatment of any youth ordered to its custody." The OJJ's argument is based on La.Ch.Code art. 908(A), which states, "[n]otwithstanding any other provisions of law to the contrary, the Department of Public Safety and Corrections, office of juvenile justice, shall have sole authority over the placement, care, treatment, or any other considerations deemed necessary from the resources that are available for children judicially committed to the department." This argument has been made to, and rejected by, this court multiple times.

This court addressed the issue presented in this assignment of error in *State in Interest of G.P.*, 18-675 (La.App. 3 Cir. 9/20/18), 255 So.3d 1130. In *G.P.*, this court set forth the applicable statues, discussed jurisprudence related to placement of juveniles, and held:

> The issue of whether a court can order a specific type of placement was addressed by the fifth circuit in *State in Interest of J.M.*, 96-801

2

(La.App. 5 Cir. 1/15/97), 687 So.2d 136, *writ denied*, 97-734 (La. 11/21/97), 703 So.2d 1298.

In *J.M.*, 687 So.2d 136, the juvenile argued the court could not require DPSC to keep him in a secure setting since the department had the sole authority over placement, care, and treatment of those juveniles placed in its custody. In addressing the issue, the fifth circuit held:

> In the present case, the judge ordered that the juvenile be committed to the custody of the Department of Public Safety and Corrections, in a secure environment, until his twenty-first birthday. However, once he committed the juvenile, he did not dictate the actual placement, other than it being a secure environment of the juvenile, nor did he dictate the care or treatment the child was to receive in the department's custody. We find, from the above cited articles, that the court *can recommend placement* in a *secure setting*. See also La. R.S. 15:901.

> We also note that a modification of disposition *can* be filed at any time, if it becomes apparent that the child no longer needs a secure environment. La. Ch.C. art. 909 through 911. See also La. R.S. 15:906 A(1) which allows the Department of Public Safety and Corrections to recommend to the committing court the release of the juvenile committed to its care, who, in the opinion of the department, is ready to be returned to his own home, or to a substitute home.

> Based on the foregoing discussion, and particularly in light of the fact that a modification of disposition can be filed, we find no error in the trial court's disposition imposing a minimum sentence and further mandating that the juvenile be placed in a secure setting. This assignment of error is without merit.

*Id.* at 139. The fifth circuit cited La.Ch.Code art. 897(D) and La.Ch.Code art. 903(C) in support of its ruling.[2] We agree with the reasoning of the fifth circuit in *J.M.*

---

[2]Louisiana Children's Code Article 897(D) provides:

Except as provided in Article 897.1, the court may commit the child to the custody of the Department of Public Safety and Corrections, with or without a recommendation that the child be placed in alternative care facilities through the department's client placement process, or be referred to appropriate placement resources in the state available through other public or private agencies.

Louisiana Children's Code Article 903(C) provides:

(continued . . .)

3

Based on the foregoing, we find the district court's order mandating G.P. be held in secure confinement is not error. Accordingly, OJJ's writ application is denied.

*Id.* at 1137-38.

In *State in Interest of J.M.*, 18-674 (La.App. 3 Cir. 10/1/18) (unpublished opinion), the OJJ alleged the lower court erred in ruling that the OJJ did not have sole authority over the placement of J.M. into either secure or non-secure care once J.M. had been assigned to its custody and in ordering the OJJ to abide by the plea agreement, in which the parties agreed that J.M. would be placed in secure custody. This court issued the following ruling:

> **STAY DENIED; WRIT DENIED:** The Office of Juvenile Justice seeks review of the lower court's August 29, 2018 ruling on the State's "Petition to Enforce Plea and Order of the Court" mandating its compliance with the terms of the Juvenile's plea agreement committing him to secure custody. For the reasons assigned in *State in the Interest of G.P.*, 18-675 (La.App. 3 Cir. 9/20/18), [255] So.3d [1130], we find no error in the lower court's ruling.

The second circuit cited *G.P.* in *State in Interest of C.P.G.*, 53,038, p. 4 (La.App. 2 Cir. 8/27/19), 278 So.3d 1095, 1098 n.6:

> Before the dismissal of its appeal, the OJJ argued that the juvenile court could recommend, but did not have the authority to order, that CPG be held in a secure placement. Even though the OJJ did not have its appeal reinstated, it filed a brief in this matter, making this argument. Under the circumstances presented here, this issue is not properly before us on appeal. We also observe that CPG has not asserted this argument. Even if this issue were properly before us for review, no error is detected in

---

The order of commitment may require the department to take physical custody of a child adjudicated a delinquent, committed to its custody pursuant to Article 897(D) . . ., and recommended by the court or the department for assignment to a secure program or facility, within fourteen days from the date of the court's signing of the judgment of disposition when the child is in or is going to be placed in the physical custody of a parish juvenile facility. If a court modifies a judgment of disposition, in accordance with Chapter 17, and gives the department custody of the adjudicated delinquent, the provisions of this Article and R.S. 15:901 apply.

the juvenile court's order. *See State in Interest of G.P.*, 2018-675 (La. App. 3 Cir. 9/20/18), 255 So. 3d 1130.

In *State in the Interest of L.L.*, 22-165 (La.App. 3 Cir. 3/21/22) (unpublished opinion), the juvenile was ordered into six months of secure custody pursuant to a plea agreement with the State. The OJJ sought review, asserting the same arguments it asserts in the instant case regarding authority to dictate placement of all juveniles under its authority. This court issued the following ruling:

> **STAY DENIED; WRIT DENIED:** The lower court's February 15, 2022 order mandating L.L. be held in secure confinement is not error. *See State in Interest of G.P.*, 18-675 (La.App. 3 Cir. 9/20/18), 255 So.3d 1130; *State in Interest of J.M.*, 18-674 (La.App. 3 Cir. 10/1/18) (unpublished opinion). Accordingly, the Office of Juvenile Justice's writ application is denied.

Once again, the OJJ does not acknowledge this court's prior rulings addressing the issue assigned herein or put forth a basis for finding these rulings are flawed. Thus, this court finds it necessary to reiterate to OJJ that the rulings in *G.P.*, *J.M.*, and *L.L.* are the binding law in this circuit. A juvenile court has full authority to dictate whether a juvenile placed into the custody of the OJJ is to be in secure or non-secure custody. We find no merit in the first assignment of error.

In its second assignment of error, the OJJ contends it "should not have been held in direct contempt of court, nor fined for adhering to the letter of the law and jurisprudence relative to the custody and placement of a youth." We note that, based on the jurisprudence set forth above, the second part of that claim is factually inaccurate. This court has repeatedly ruled that a trial court has the authority to determine whether a juvenile should be in secure or non-secure custody; the OJJ's continued refusal to accept that proposition flies in the face of that jurisprudence.

We do find that the OJJ should not have been held in direct contempt of court; it should have been found in constructive contempt of court. Under La.Ch.Code art.

5

1507(2), constructive contempt of court includes "[w]illful disobedience of any lawful judgment, order, mandate, writ, or process of the court." As previously noted, the trial court's order placing L.D. into secure custody was lawful; therefore, the OJJ's refusal to obey that order constitutes "willful disobedience of [a] lawful judgment."

Pursuant to La.Ch.Code art. 1508, the procedure for holding someone in constructive contempt is different from direct contempt; however, the trial court in this case has met the procedural safeguards laid out for a finding of constructive contempt. Louisiana Children's Code article 1508 states:

> A. When a person is charged with committing a constructive contempt, he shall be tried by the judge on a rule to show cause alleging the facts constituting the contempt. The rule may be issued by the court on its own motion or on motion of any party.
>
> B. A certified copy of the motion and of the rule shall be served on the person charged, in the manner of a subpoena, not less than forty-eight hours prior to the time assigned for trial of the rule.
>
> C. If the person charged with contempt is found guilty, the court shall render an order reciting the facts constituting the contempt, adjudging the person charged with the contempt guilty thereof, and specifying the punishment imposed.

As previously noted, in June of 2023, the trial court re-iterated its prior order that L.D. be placed into secure custody and ordered the OJJ to appear at a show cause hearing in July. The OJJ appeared and presented its argument for why it refused to obey the trial court's order. On August 8, 2023, the trial court issued a written ruling finding the OJJ in contempt for refusing to place L.D. into secure custody and set forth the punishment imposed for said refusal. Furthermore, under La.Ch.Code art. 1509, the possible penalty is the same whether the contempt is direct or constructive. Accordingly, we find that while the trial court erred in finding the OJJ in direct

6

contempt rather than constructive, the OJJ suffered no prejudice from the error and the order of contempt shall be maintained.

As we find no merit in the OJJ's arguments, we deny the district attorney's motion for oral argument.

## CONCLUSION

For the foregoing reasons, we deny the motion for stay filed by the OJJ. We find no error in the trial court's order directing the OJJ to place L.D. in secure custody. We affirm the judgment of the trial court finding the OJJ in contempt of court and the sanction therefor, though we recognize that the conduct of the OJJ constitutes constructive, not direct, contempt of court. Finally, we deny the motion for oral argument filed by the district attorney.

**STAY DENIED.**
**WRIT DENIED.**
**MOTION FOR ORAL ARGUMENT DENIED.**

7